IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN J. FLORES, | ) | |
| Plaintiff(s), | ) | No. C 05-4565 TEH (PR) |
| v. | ) | ORDER OF SERVICE |
| SAN JOSE POLICE DEP'T, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at North Kern State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that on October 7, 2004 San Jose police officers Santos, Gannon, Murphy and Boren used excessive force in the course of arresting him. Among other things, plaintiff alleges that the officers "assaulted," "kick[ed]" and "taser[ed]" him, and that Sergeant Porter stood by and "allowed them to assault" him.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint
2  "is frivolous, malicious, or fails to state a claim upon which relief may be
3  granted," or "seeks monetary relief from a defendant who is immune from such
4  relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.
5  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
6       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
7  elements: (1) that a right secured by the Constitution or laws of the United States
8  was violated, and (2) that the alleged violation was committed by a person acting
9  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).
10  B.    Legal Claims
11       Excessive force claims which arise in the context of an arrest or
12  investigatory stop of a free citizen are analyzed under the Fourth Amendment
13  reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989);
14  Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994).  Liberally
15  construed, plaintiff's allegations of use of excessive force state a cognizable claim
16  under § 1983 against the individual officers and sergeant and will be ordered
17  served.  See also Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison
18  official's failure to intervene to prevent 8th Amendment violation may be basis
19  for liability).
20       The San Jose Police Department is dismissed because it is well-established
21  that there is no respondeat superior liability under § 1983 (i.e., liability under the
22  theory that one is responsible for the actions or omissions of another) and
23  plaintiff sets forth no other basis for liability.  See Taylor v. List, 880 F.2d 1040,
24  1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723
25  F.2d 675, 680-81 (9th Cir. 1984).
26  /
27
28

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants: San Jose police officers Santos (#3203), Gannon (#3164), Murphy (#3325) and Boren (#3154), and San Jose police sergeant Porter (#2640). The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there

is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may

conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: 03/03/06

THELTON E. HENDERSON
United States District Judge

5